Erwin and Theresa **SCHWARZ**, Appellants,

v.

**WATERWAY GAS AND WASH CO., Respondent.**

No. **ED 81451.**

Missouri Court of Appeals, Eastern District, Division Two.

April 8, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 10, 2003.

Theodore F. Schwartz, Law Office of Theodore F. Schwartz, Michael A. Gross, St. Louis, MO, for Appellant.

Michael A. Fisher, Henry F. Luepke, Stolar Partnership, St. Louis, MO, for Respondent.

Before PAUL J. SIMON, P.J., WILLIAM H. CRANDALL, J., and GARY M. GAERTNER, SR., J.

PER CURIAM.

Erwin and Theresa Schwarz ("plaintiffs") appeal the judgment of the Circuit Court of St. Louis County granting summary judgment in favor of respondent, Waterway Gas and Wash ("Waterway"). Plaintiffs argue a genuine issue of material fact existed as to whether Waterway owed plaintiffs a portion of the proceeds Waterway realized from the sale of a piece of property. We affirm and remand.

Plaintiffs and Waterway entered into an exchange agreement on February 25, 1998, in which plaintiffs agreed to convey 1431 South Brentwood Boulevard ("North site") to Waterway and Waterway agreed to convey 2625 South Brentwood Boulevard to plaintiffs. The exchange agreement, as amended on May 27, 1998, included a clause that if Waterway sold the North site within five years, the proceeds from the sale would be divided as follows: 1) the first $975,000 to Waterway, 2) reimbursement to Waterway of its cost to develop the property including various expenses, and 3) the remainder to be divided equally by Waterway and plaintiffs.

Additionally, Waterway occupied land adjoining the North site under a lease, located at 1511–1515 South Brentwood Boulevard ("leased property"). The parties stipulated this lease was worth in excess of $275,000 to Waterway.

On November 3, 1999, Waterway entered into a purchase agreement with Pace–Zelman Associates, LLC ("Pace"). In the purchase agreement, Pace agreed to pay Waterway $1,150,000, and Waterway agreed to 1) convey the North site to Pace and 2) terminate and surrender its lease in the leased property.

Plaintiffs filed suit against Waterway seeking an accounting and recovery of one-half of the amount in excess of $975,000 Waterway received for the North site. Waterway denied that it owed plaintiffs any portion of the proceeds from the sale agreement with Pace. Both parties moved for summary judgment. The trial court granted Waterway's motion for summary judgment, and denied plaintiffs' motion. The trial court also granted Waterway its costs, expenses and attorney's fees, pursuant to a prevailing party clause in the exchange agreement.

■ Our review of a grant of summary judgment is essentially *de novo*. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo.banc.1993). We "review the record in the light most favorable to the party against whom judgment was entered." *Id*. The movant for summary judgment has the burden to show a right to judgment flowing from material facts about which there is no genuine dispute. *Id*. at 378. There is a genuine issue when the record contains "two plausible, but contradictory, accounts of the essential facts." *Id*. at 382. Whether or not summary judgment was proper is a question of law, and we need not defer to the trial court's order granting summary judgment. *Id*. at 376.

■ When interpreting a contract, the rule is to determine the intent of the parties and to give effect to that intent. *Robbins v. McDonnell Douglas Corp.*, 27 S.W.3d 491, 496 (Mo.App. E.D.2000). In an unambiguous contract we determine the intent of the parties from the contract alone and enforce the contract as written. *Id*. To determine the intent of the parties in an unambiguous contract "we give the language used its natural, ordinary, and common sense meaning, and consider the entire contract, along with its object, nature and purpose." *Id*.

In their only point on appeal, plaintiffs argue the trial court erred in granting Waterway's motion for summary judgment because a genuine issue of material fact existed as to whether Waterway owed plaintiffs proceeds of the sale of the North site pursuant to the exchange agreement.

In their brief, plaintiffs do not argue the exchange agreement was ambiguous. Specifically, plaintiffs state "[t]he Waterway-[plaintiffs] contract provided without ambiguity that if Waterway resold the [North site] within five years the [plaintiffs] would be entitled to one-half of the sale proceeds in excess of $975,000.00."

In support of their motion for summary judgment, plaintiffs offered an affidavit of Erwin Schwarz ("Schwarz"). In the affidavit, Schwarz attested that plaintiffs and Waterway had never discussed the termination of the Waterway lease and that the parties did not provide for a deduction of the cost of the surrender of the lease in the exchange agreement. Plaintiffs argue that Schwarz's affidavit created a genuine issue about the intent of the parties concerning the deductibility of the value of Waterway's lease in determining the amount Waterway received for the North site.

■ We find the exchange agreement to be unambiguous because the terms are unequivocal, plain and clear. Because the exchange agreement between Waterway and plaintiffs is unambiguous, we determine the intent of the parties from the contract alone. There is no dispute the exchange agreement provided that if Waterway sold the North site within five years, Waterway would receive the first $975,000 plus certain expenses, and that Waterway and plaintiffs would then equally divide the remainder of sale proceeds. The intent of the parties in the exchange agreement was to divide all proceeds

above $975,000 if Waterway sold the North site within five years.

There is no dispute that Waterway entered into a purchase agreement with Pace in which Pace agreed to pay Waterway $1,150,000, and Waterway agreed to 1) transfer title to the North site to Pace and 2) terminate its lease in the leased property. Further, there is no dispute the lease Waterway was required to terminate was worth in excess of $275,000 to Waterway. The parties stipulated to the value of the lease to Waterway and plaintiffs admitted the value of the lease in its response to Waterway's motion for summary judgment.

Waterway did not receive in excess of $975,000 from Pace for the North site because the purchase agreement also required Waterway to terminate its lease worth in excess of $275,000 ($1,150,000 minus $275,000 is $875,000). Waterway, therefore, did not receive $975,000 for the North site. As the exchange agreement provided that Waterway would receive the first $975,000 plus expenses, Waterway does not owe plaintiffs any portion of the sale proceeds because there is no amount remaining above $975,000. The trial court did not err in granting Waterway's motion for summary judgment. Point denied.

Pursuant to the prevailing party clause in the exchange agreement, Waterway is entitled to recover from the plaintiffs the reasonable costs, expenses and attorney's fees arising from this appeal.

Accordingly, we affirm the judgment of the trial court and remand for a determination of Waterway's reasonable costs, expenses and attorney's fees on appeal to be paid by plaintiffs.